**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Mohammed Anwo

               Movant–Defendant

    v.

United States of America

              Respondent–Plaintiff

Civil  No.  05-1574 (DRD)
Crim. No.  01-0379 (DRD)

Mohammed Anwo
# 24438-050
Metropolitan Correctional Center
150 Park Row
New York, NY 10007
<u>Pro Se</u> Movant

**O P I N I O N**

Christopher J. Christie
United States Attorney
  By: Marc Larkins
     Assistant U.S. Attorney
970 Broad Street
Room 700
Newark, New Jersey 07102

**DEBEVOISE, Senior District Judge**

     Movant, Mohammed Anwo, filed this motion for relief from federal custody pursuant to

28 U.S.C. § 2255.  Anwo's grounds for this motion are: (1) He received ineffective assistance of

counsel; and (2) His sentence should be vacated and remanded for resentencing in light of <u>United

States v. Booker</u>, 125 S.Ct. 738 (2005).  For the reasons set forth below, this motion is denied,

and the action will be dismissed without issuance of a certificate of appealability.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about May 13, 2000, Anwo was arrested by East Orange police officers for unlawfully possessing a firearm.  On June 5, 2001, a federal grand jury returned a one-count Indictment against Anwo charging him with possession of a firearm after having been previously convicted of a felony in violation of Title 18, United States Code, Sections 922(g)(1) and (2).  Anwo was convicted on the sole count of the Indictment by a jury after trial on July 18, 2002.  On February 24, 2003, this Court sentenced Anwo to a term of imprisonment of 120 months.  The base offense level was 24 and, during the sentencing, Anwo received a two-level enhancement to level 26 under the United States Sentencing Guidelines because the firearm he possessed was stolen.  On June 23, 2004, the United States Court of Appeals affirmed Anwo's conviction.  Anwo did not file a petition for writ of certiorari in the United States Supreme Court.

## DISCUSSION

### A.  Standard of Review

The standard of review for a motion for relief under § 2255 is strict.  In order to gain relief under § 2255, the movant must show that there was a:

> . . . fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure.  It [must present] ... 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'

United States v. Timmreck, 441 U.S. 780, 783 (1979).

### B.  Ineffective Assistance of Counsel

Anwo asserts that his second attorney, John C. Whipple, provided ineffective assistance

2

of counsel because he failed to object to a two level enhancement under the sentencing guidelines on the basis that the facts underlying the enhancement needed to be submitted to a jury and proven beyond a reasonable doubt.

In Strickland v. Washington, 466 U.S. 668, 687 (1984) the Supreme Court held that the "proper standard for attorney performance is that of reasonably effective assistance" and imparted a two part test for determining if a claim of ineffectiveness of counsel can be sustained. Petitioner must first prove that "counsel made errors so serious that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id.   The Court must then determine whether "the deficient performance prejudiced the defense." Id.  Anwo has not demonstrated how Mr. Whipple's failure to object to the two-level enhancement at sentencing satisfies either prong of the Strickland test.

First, Mr. Whipple's failure to object does not indicate any deficiency in his performance. This Court must evaluate  performance under the law and facts as they existed at the time.  Id. at 689.  Furthermore, the Court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.  There was no support in the case law or otherwise at the time of Anwo's sentencing in 2003 for the proposition that sentencing enhancements had to be submitted to a jury.  In 2000, the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 490 (2000) which established that, at a sentencing, a judge could enhance a sentence based on facts not admitted by the defendant or found by a jury, so long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum.  The sentence imposed upon Anwo of 120 months was within the parameters established by Apprendi because it was within

the statutory maximum.[1]  Mr. Whipple was acting under prevailing professional norms during Anwo's sentencing and was not deficient in any respect, and certainly did not make "an error so serious that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland 466 U.S. at 687.

Second, Anwo has not alleged that Mr. Whipple's failure to object to the two-level enhancement prejudiced him.  To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A "reasonable probability" is more than a theoretical possibility, Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) cert. denied, 507 U.S. 954 (1993); it is a probability sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 694.  Anwo has not shown that there is a reasonable probability that his sentence would have been any different had Mr. Whipple objected to the enhancement.  As Anwo has failed to satisfy both prongs of the Strickland test, his motion for ineffective assistance of counsel is denied.

**C.  Blakely-Booker Issue**

Anwo asserts that his "sentence should be vacated and remanded for a new hearing" because of the United States Supreme Court decisions in United States v. Booker, 125 S.Ct. 738

---

[1]  The maximum term of imprisonment for a violation of 18 U.S.C. § 922(g)(1) and (2) is 10 years (120 months) and calls for a base offense level of 24 because Anwo committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.  For a base offense level of 26 and criminal history category of VI, the guideline range for imprisonment is 120 to 150 months.  Anwo's range for imprisonment was capped at 120 months by the statutory maximum despite the two-level sentencing enhancement to level 26 and so his sentence falls within the parameters set by Apprendi.

(2005) and <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004).  Anwo cannot prevail on this claim, however, because the Court of Appeals in <u>Lloyd v. United States</u>, 407 F.3d 608, 615-616 (3d Cir. 2005) held that "<u>Booker</u> does not apply retroactively to initial motions under § 2255 where the judgement was final as of January 12, 2005, the date <u>Booker</u> was issued.  Anwo's judgment was final as of September 21, 2004, well before <u>Booker</u> was issued.

In <u>Blakely</u>, the United States Supreme Court held that Washington State's sentencing plan violated the Sixth Amendment right to a jury trial and that a sentencing judge could only enhance a sentence based on facts admitted by the defendant or reflected in the jury verdict. <u>Blakely</u>, 407 U.S. at 2537.  <u>Booker</u> applied <u>Blakely's</u> holding to the Federal Sentencing Guidelines.  <u>Booker</u>, 125 S.Ct. at 749.  In <u>Booker</u>, the Court held that the provision of the federal sentencing statute that makes the Guidelines mandatory is unconstitutional and severed that provision from the statute, making the balance of the Guidelines system advisory.  <u>Id.</u> at 756-757. As a result of this decision a sentencing court is required to consider the Guidelines ranges but may tailor the sentence in light of other statutory concerns as well.

The question becomes whether <u>Booker</u> (which replaces any effect <u>Blakey</u> might have had on petitioner's sentencing) should apply retroactively to Anwo's § 2255 motion.  In general, to benefit from retroactive effect movant would have to show: (i) that <u>Booker</u> announced a new rule of criminal procedure and (ii) that the new rule constituted a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."  <u>Beard v. Banks</u>, 124 S. Ct. 2504, 2513 (2004).

There is no doubt that <u>Booker</u> announced a new rule of criminal procedure.  The Court of Appeals for the Third Circuit has held, in accordance with the other Courts of Appeals that have

ruled on the question, that <u>Booker</u> does not announce a watershed new rule of criminal procedure, and therefore does not apply retroactively.  <u>Lloyd</u>, 407 F.3d at 613-615.  In the words of the Court of Appeals, "<u>Booker</u> does not apply retroactively to initial motions under §2255 where the judgment was final as of January 12, 2005, the date <u>Booker</u> issued."  <u>Id.</u> at 612.

Where a defendant is unsuccessful in appealing his conviction to the Court of Appeals, but does not file a petition for writ of certiorari in the Supreme Court, the judgment becomes final when the time for filing the petition contesting the appellate court's affirmation of the conviction expires.  <u>Kapral v. United States</u>, 166 F.3d 565, 567 (3d Cir. 1999); <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003).  The time allowed for filing the petition expires "90 days from the date on which the court of appeals affirms the judgment."  <u>Kapral</u>, 166 F.3d at 570-571 & n.3; <u>Clay</u>, 537 U.S. at 527.  Here, the Court of Appeals affirmed Anwo's judgment on June 23, 2004, and the time for seeking certiorari expired 90 days later on September 21, 2004, so his judgment became final on that date, nearly four months prior to the Supreme Court's decision in <u>Booker</u>.  As Anwo's judgment was final before <u>Booker</u> was decided and because it has been held that the rule in <u>Booker</u> will not be applied retroactively, Anwo's § 2255 motion will be dismissed on this ground.

## CONCLUSION

Mohammed Anwo has not demonstrated sufficient grounds to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  No evidentiary hearing is required because all material facts are a matter of record and cannot be disputed.  Therefore, the motion will be dismissed without the issuance of a certificate of appealability.

Dated: March 7, 2006                          /s/ Dickinson R. Debevoise

                                              DICKINSON R. DEBEVOISE

                                                    U.S.S.D.J.